54 F.3d 772
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 LANNY STEPHEN BELCHER, Plaintiff-Appellant,
v.
J.H. FLETCHER & COMPANY, Defendant-Appellee.
 No. 93-2424.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 20, 1995.
Decided: May 18, 1995.
 
 Carl E. McAfee, Mcafee, Bledsoe & Associates, P.C., Norton, VA, for Appellant. Daniel S. Brown, Frank K. Friedman, Woods, Rogers & Hazlegrove, Roanoke, VA, for Appellee.
 Before HAMILTON and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lanny S. Belcher appeals from the district court's order dismissing one of his claims, and granting summary judgment to the defendant, J.H. Fletcher & Co., on the remaining claims, in his action alleging that he was injured as the result of using a roof bolting machine manufactured by Fletcher. At the time of his injury, Belcher was employed by Glamorgan Coal Company in Wise, Virginia, as a roof bolter operator in Glamorgan's underground coal mines.* On May 26, 1992, while operating the roof bolter at issue, Belcher was injured when a large piece of rock from the roof of the mine became dislodged and fell on his back. The roof bolter was sold to Glamorgan in June 1990 with an unattached safety canopy (a protective canopy which, when attached to the bolter, prevents any falling rock from striking the operator). It is undisputed that Glamorgan never installed the safety canopy.
 
 
 2
 Belcher filed this complaint in September 1992 alleging three causes of action: (1) negligent design and construction of the roof bolter (Count One); (2) breach of implied warranty of merchantability (Count Two); and (3) strict liability (Count Three). The district court dismissed Count Three because Virginia law does not recognize strict liability in products liability actions. See Sensenbrenner v. Rust, Orling & Neale, Architects, Inc., 374 S.E.2d 55, 57 n. 4 (Va.1988). The court then granted summary judgment to Fletcher on Counts One and Two. Belcher appeals.
 
 
 3
 Summary judgments are reviewed de novo on appeal. Higgins v. E.I. Du Pont De Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is only appropriate where the record taken
 
 
 4
 as a whole would not lead a rational trier of fact to find for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. Id. Applying this standard, we agree with the district court's decision to grant Fletcher's motion for summary judgment.
 
 
 5
 In Virginia, the standard of liability under either a negligence or warranty claim is the same. The Virginia Supreme Court has held:
 
 
 6
 The standard of safety of goods imposed on the seller or manufacturer of a product is essentially the same whether the theory of liability is labeled warranty or negligence. The product must be fit for the ordinary purposes for which it is to be used.... Under either the warranty theory or the negligence theory the plaintiff must show, (1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands.
 
 
 7
 Logan v. Montgomery Ward & Co., 219 S.E.2d 685, 687 (Va.1975). A product is "unreasonably dangerous" if it is defective in assembly, manufacture or design, or if not labeled with an adequate warning. Austin v. Clark Equip. Co., --- F.3d # 6D 6D6D# , No. 93-1701 (4th Cir. Mar. 6, 1995) (applying Virginia law in diversity action alleging negligence and breach of implied warranty of merchantability where plaintiff was injured by lift truck which was not equipped with available warning devices). It is undisputed here that the roof bolter contained no defect or that it malfunctioned in any way.
 
 
 8
 A manufacturer is not liable in Virginia for defective design or failure to warn where the hazard is "open and obvious." See Austin v. Clark Equip. Co., slip op. at 5 (citing Spangler v. Kranco, Inc., 481 F.2d 373, 375 (4th Cir.1973)). A risk is open and obvious if the person using the product is or should be aware of the risk. Id. Here, as in Spangler and Austin, the absence of the additional safety device was open and obvious to both Glamorgan and to Belcher. At the time of his injury, Belcher had been working in underground coal mines for twelve years, most of which involved operating a roof bolter. He stated that he had worked with roof bolters both with and without attached safety canopies and that he had seen other miners injured while operating roof bolters without safety canopies. Given these facts, we agree with the district court's conclusion that the absence of the safety canopy constituted an open and obvious hazard precluding Fletcher's liability. This would be true even if Fletcher had sold the roof bolter without the safety canopy. See Austin slip op. at 7 ("[W]hen a customer exercises an option to purchase a product without a safety feature, it is axiomatic that the manufacturer should not be held liable for damages which that safety feature may have prevented") (quoting Butler v. Navistar Int'l Transp. Corp., 809 F.Supp. 1202, 1209 (W.D.Va.1991)).
 
 
 9
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 A roof bolter is a machine which secures bolts in the roof of an underground mine in order to support and stabilize the ceiling